## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **JENELLE BAILEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:** |
| | ) | |
| **STICKBRIDGE DIALYSIS** | ) | |
| **CLINIC, LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | / | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Jenelle Bailey (hereinafter "Plaintiff" or "Bailey")
and files her complaint against Defendant, Stockbridge Dialysis Clinic, LLC (hereinafter
"Defendant" or "Stockbridge") and in support she states the following:

## NATURE OF THE ACTION

1.     This is an action for monetary damages pursuant to Title I of the
Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.*
("ADA"), to redress Defendant's discrimination against Plaintiff due to her
disability leading to her unlawful termination.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction of the claims herein pursuant to 28 U.S.C.

§§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

4.      Plaintiff, Bailey, is a citizen of the United States and at all times material was a citizen of the State of Georgia, residing in Cobb County, Georgia.

5.      Defendant, Stockbridge, is a domestic for-profit corporation with its principal place of business in Stockbridge, Georgia.

6.      Defendant does business and Plaintiff worked for Defendant in this District.

7.      Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8.      Plaintiff has complied with all statutory prerequisites to filing this action.

9.      On or about April 29, 2020, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC"), satisfying the requirements of 42

2

U.S.C. § 2000e5(b) and (e), based on disability and retaliation.

10.    Plaintiff's EEOC charge was filed within one hundred and eighty hundred days after the unlawful employment practices occurred.

11.    On March 29, 2021, the EEOC issued Plaintiff a Dismissal and Notice of Rights.

12.    This complaint was filed within ninety (90) days of the EEOC's issuance of the Notice of Rights.

## FACTUAL ALLEGATIONS

13.    Plaintiff was employed by Defendant in a full-time capacity for approximately six months. At the time of her termination, Plaintiff held the position of Licensed Practical Nurse.

14.    Plaintiff is a disabled female.

15.    At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

16.    At all times material, Plaintiff was able to perform the essential functions of her job with or without accommodation.

17.    Plaintiff suffers from Lupus and Rheumatoid Arthritis.

18.    Plaintiff's disability impacts her major life events including but not

limited to walking, standing, lifting, and performing manual tasks.

19.     Around September 2019, Plaintiff verbally informed Holly Person, Nurse Manager, and Caleb (last name unknown), Peritoneal Dialysis Manager, of her medical conditions.

20.     On or about February 25, 2020, Plaintiff began to experience flu-like symptoms. As a result, Plaintiff's doctor advised Plaintiff to remain out of work until March 4, 2020.

21.     Plaintiff called Ms. Person to inform her of the same and requested a brief medical leave. Ms. Person stated that she would inform Plaintiff when she wanted Plaintiff to provide the doctor's note.

22.     While Plaintiff was out, she began to experience a Lupus flare-up.

23.     On or about February 28, 2020, Plaintiff notified Ms. Person that she was experiencing a flare-up.

24.     The following day, Plaintiff's doctor advised Plaintiff to remain out of work due to her flare-up. Plaintiff informed Ms. Person of the same and requested a brief extension of her medical leave.

25.     On or about March 6, 2020, Ms. Person requested Plaintiff submit a doctor's note. Plaintiff informed Ms. Person that she had doctor's appointment scheduled for March 10, 2020, and she could provide a doctor's note at that time.

4

26.     On March 10, 2020, Plaintiff sent a text message to Ms. Person's inquiring about the fax number to submit her medical documentation.

27.     In response, Defendant failed to engage in the interactive process with Plaintiff and Ms. Person informed Plaintiff that her employment was terminated.

28.     Plaintiff has been damaged by Defendant's illegal conduct.

29.     Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorney's fees.

## Count I: Disability Discrimination in Violation of the ADA

30.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-29 above.

31.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

32.     Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

33.     Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

34.     Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on her disability.

5

35.    Defendant intentionally discriminated against Plaintiff on the basis of her disability.

36.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

37.    Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count II: Retaliation in Violation of the ADA

38.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-29 above.

39.    Defendant retaliated against Plaintiff for engaging in protected activity when Plaintiff requested reasonable accommodations under the ADA by terminating her employment.

40. Defendant's conduct violates the ADA.

41. Defendant's discriminatory conduct in violation of the ADA has caused Plaintiff to suffer loss of pay, benefits, and prestige.

42. Defendant's actions have caused Plaintiff to suffer mental and emotional distress entitling her to compensatory damages.

43. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

**/s/ Gary Martoccio**
Gary Martoccio
Georgia Bar Number: 497511
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*